## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>ROBERT BENJAMIN WILLIS<br>(*aka* ROB),<br>DOB: 09/06/1974<br><br>Defendant. | Criminal Case No. CF0199-25<br>GPD Report No. 25-07282<br><br>DECISION AND ORDER<br>DENYING DEFENDANT'S MOTION<br>TO RECONSIDER<br>RE: MOTION TO DISMISS |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 29, 2026 for hearing on Robert Benjamin Willis's (*aka* Rob's) ("Defendant's") Motion to Reconsider Re: Motion to Dismiss. Assistant Attorney General Lucas Wood represents the People, and Attorney Heather Quitugua represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion to Reconsider.

### BACKGROUND

On March 20, 2025, Defendant was arrested after allegedly choking his wife, Resry Singky ("Victim"), with both a belt and his bare hands. See Magistrate's Complaint (Mar. 21, 2025).

On March 24, 2025, during a Magistrate Hearing, the People advised the Court "Regarding the Victim, she is in our office on the 9th floor writing a statement … in the letter she made it clear that she wants him released and back at home because they have four kids that need his presence … and she even wants to drop the case." See Minute Entry (Mar. 24, 2025). The People further advised the Court that Victim retained possession of the letter and never formally submitted it to the Office of the Attorney General ("OAG"). Id.

On April 7, 2025, a grand jury was convened and indicted Defendant on one charge of Family Violence (as a 3rd Degree Felony). See Indictment (Apr. 7, 2025). During the grand jury

Decision and Order Denying Defendant's Motion to Reconsider Re: Motion to Dismiss
CF0199-25, *People of Guam v. Robert Benjamin Willis*
Page 1 of 5

proceedings, the People did not present any evidence concerning Victim's written statement. See Minute Entry (Apr. 7, 2025).

On June 16, 2025, Defendant filed his Motion to Dismiss. Defendant seeks to dismiss the case with prejudice, arguing the People failed to present exculpatory evidence to the grand jury. See Brief in Support of Moton to Dismiss at 1-2 (Jun. 16, 2025). Specifically, Defendant claims the Victim's written statement to the OAG and the circumstances surrounding it is exculpatory evidence that should have been presented for the grand jury's consideration. Id. at 2-3.

On June 30, 2025, the People filed their Opposition to Defendant's Motion to Dismiss ("Opposition"). The People claim they did not submit Victim's written statement to the grand jury because it was never in their possession and Victim instead retained possession of the written statement. See Opposition at 2-3 (Jun. 30, 2025). The People also claim the circumstances surrounding the written statement are not exculpatory because they indicate the written statement was made out of Victim's fear of housing instability and their children's need for a father presence rather than her belief in Defendant's innocence. Id. at 2-3.

On July 7, 2025, Defendant filed his Reply to Opposition ("Reply"). Defendant claims knowledge of the statement's existence is itself exculpatory and should have been presented. See Reply at 1-3 (Jul. 7, 2025). Defendant claims the People's failure to present this information to the grand jury substantially prejudiced him and warrants dismissal of the indictment. Id. at 2-3.

On July 11, 2025, the Court heard Defendant's Motion to Dismiss. See Minute Entry (Jul. 11, 2025). The Court ultimately denied Defendant's Motion to Dismiss because the written statement was never in the People's possession. See Decision & Order Denying Defendant's Motion to Dismiss at 2-3 (Aug. 29, 2025).

On September 8, 2025, Defendant filed his Motion to Reconsider. Defendant claims the Decision & Order failed to consider the OAG's knowledge of Victim's written statement, and this knowledge is itself exculpatory evidence that should have been presented to the grand jury regardless of whether the written statement was in the OAG's possession. See Motion to Reconsider at 2 (Sep. 8, 2025).

Decision and Order Denying Defendant's Motion to Reconsider Re: Motion to Dismiss
CF0199-25, *People of Guam v. Robert Benjamin Willis*
Page 2 of 5

The Court held a hearing on April 29, 2026 and subsequently took the matter under advisement.

## DISCUSSION

**I.    Preliminary Law:**

When considering whether there is reasonable cause to believe that Defendant committed an indictable offense, "the grand jury shall receive only evidence presented to it by the prosecuting attorney but *the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt* and the grand jury shall weigh all the evidence submitted. See 8 G.C.A. § 50.46 (emphasis added).

"If the prosecution fails to comply with its disclosure duty and the failure results in substantial prejudice, the portions of the indictment related to the undisclosed evidence should be dismissed." See *Berardi v. Superior Court*, 57 Cal.Rptr.3d 170, 180 (Cal. App. 2007). The indictment remains valid if the failure to disclose exculpatory evidence does not substantially prejudice the defendant. Id. at 182. Absent a showing of substantial prejudice, disciplinary proceedings, rather than dismissal of the indictment, should be pursued in instances of attorney misconduct. See *United States v. Hasting*, 461 U.S. 499, 506 (1983) (noting that courts should select "more narrowly tailored" means "to deter objectional prosecutorial conduct").

In pretrial challenges, such as the one here, "the test for assessing prejudice ... is typically determined by evaluating the entire record to determine whether it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." See *Berardi*, 57 Cal.Rptr.3d at 182. A reasonable probability of a more favorable result exists when the court is "in serious doubt as to whether the error affected the result." Id. at 183. "In the context of grand jury proceedings, the court must decide whether the record reflects a probability that a properly informed grand jury would not have found probable cause to indict." Id. at 183.

**II.    The People were not required to submit Victim's written statement to the grand jury because it was not in their possession.**

Under their grand jury obligations, the prosecution is required to present any exculpatory evidence in their possession. See 8 G.C.A. § 50.46.

Decision and Order Denying Defendant's Motion to Reconsider Re: Motion to Dismiss
CF0199-25, *People of Guam v. Robert Benjamin Willis*
Page 3 of 5

However, Victim's written statement was not in the OAG's possession during the April 7, 2025 grand jury proceeding because Victim took possession and control over the written statement following the March 24, 2025 magistrate hearing. This is uncontested, and even Defendant concedes Victim took the written statement following the magistrate hearing. See Brief in Support of Moton to Dismiss at 2 (Jun. 16, 2025).

It is contested whether the People were *ever* in possession over the written statement. However, they clearly were not in possession of the written statement on April 7, 2025. Therefore, the People were not required to present the written statement to the grand jury regardless of whether it is exculpatory or not.

**III.   The People were not required to submit their knowledge of Victim's written statement and its contents to the grand jury because it is not exculpatory evidence.**

The Court must next consider whether the People's knowledge of the Victim's written statement and its contents is exculpatory evidence that should have been submitted to the grand jury. In doing so, the Court recognizes there is a difference between "evidence in favor of the defendant" and "evidence that will explain away the charge", and only the latter later is exculpatory evidence whose presentation is required before a grand jury. See *Berardi*, 57 Cal.Rptr.3d at 180.

The People's knowledge of Victim's written statement does not explain away the charge or negate Defendant's guilt because all circumstances surrounding the statement indicate it was premised on Victim's fears over housing instability and her children's needs for a father presence rather than any belief Defendant was innocent. For example, when the People initially disclosed the existence of a written statement, they stated Victim "made it clear that she wants him released and back at home *because they have four kids that need his presence*". See Minute Entry (Mar. 24, 2025). Furthermore, Victim indicated to the OAG her concerns about pursing the case stemmed from housing instability and Victim communicated to the OAG she no longer wished to pursue the statement following a court order that Defendant secure alternative housing. See Opposition at 2 (Jun. 30, 2025).

Although this evidence might be in Defendant's favor, it does not "negate guilt" and is not required to be presented to the grand jury.

Decision and Order Denying Defendant's Motion to Reconsider Re: Motion to Dismiss
CF0199-25, *People of Guam v. Robert Benjamin Willis*
Page 4 of 5

**IV. Even if the People's knowledge of Victim's written statement and its contents was exculpatory evidence, their failure to submit it to the grand jury did not substantially prejudice the Defendant.**

Even if Defendant is correct in asserting that the People's knowledge of Victim's written statement and its contents is exculpatory evidence, dismissal of the indictment is appropriate only if their failure to disclose "results in substantial prejudice". See *Berardi*, 57 Cal.Rptr.3d at 180.

Looking at the entire record, the Court does not seriously doubt that the grand jury would still have found probable cause to indict Defendant even if they had been informed of the People's knowledge of Victim's written statement and its contents. It is true that such disclosure would negatively affect Victim's credibility. However, the grand jurors were still presented with evidence that an additional witness reported hearing and watching Defendant choke the Victim. Furthermore, the People's disclosure of this knowledge would necessitate disclosure that: (i) Victim withdrew the statement and communicated an intent not to pursue it, and (ii) the statement was made out of Victim's concern for her own housing stability. These circumstances suggests that an informed grand jury would still have found probable cause to indict and eliminates any reasonable probability that their decision to indict would have changed.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The People were not required to present Victim's written statement to the grand jury because they were not in possession of the statement during the grand jury proceedings. Furthermore, the People were not required to disclose their knowledge of the statement or its contents because such knowledge is not exculpatory evidence that negates Defendant's guilt. Even if the knowledge was exculpatory, the People's failure to disclose it to the grand jury does not warrant dismissal of the indictment because it did not substantially prejudice Defendant.

**IT IS SO ORDERED** this ___July 27, 2026___

SERVICE VIA E-MAIL
acknowledge that an electronic
Copy of the original was e mailed to

_for H.McC..._

JUL 2 8 2026 Time 4:16
Evan L. Topasna

Deputy clerk, Superior Court of Guam



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Reconsider Re: Motion to Dismiss
CF0199-25, *People of Guam v. Robert Benjamin Willis*
Page 5 of 5